**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**ROBERT CLAUDIO,**                                                                                            **PLAINTIFF**

**V.**                    **NO. 2:05CV68-P-B**

**T. McDONALD, ET AL,**        **DEFENDANTS**

## ORDER DISMISSING COMPLAINT IN ACCORDANCE WITH RULE 41(B) FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH AN ORDER OF THE COURT

Plaintiff, an inmate at the Tallahatchie County Correctional Center, is proceeding *pro se* in this conditions of confinement case brought pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Since his application for *in forma pauperis* status did not include a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915, he was ordered on March 23, 2005, to fill out an application for *in forma pauperis*, complete the authorization for release, have the authorized officer responsible for overseeing his inmate account fill out the certificate of account, and mail the form to the Clerk's Office within 20 days. He was warned that his failure to comply with the requirements of this order may lead to the dismissal of his lawsuit under Rule 41(b), Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with an order of the court.

Although more than 20 days have elapsed since that time, plaintiff has failed to submit the forms as ordered, instead sending in a form which did not include a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. Rule 4l(b), Federal Rules of Civil Procedure, provides, *inter alia*,

> For failure of the plaintiff to prosecute or to comply with
> these Rules or any order of the court defendant may move for
> dismissal of an action or of any claim against him.

Even though the Rule speaks in terms of dismissal on motion of a defendant, it is now settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5 Cir. 1978). Rule 41(b) further provides, *inter alia*:

> Unless the court in its order for dismissal otherwise specifies, dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

Therefore, it is hereby

**ORDERED** that the cause be dismissed without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for failure to comply with an order of the court and failure to prosecute.

THIS the 10th day of May, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE